UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AZHAR CHAUDHRY; ARS RESTAURANT, INC.; and LUCKY STAR #5409, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 15-cv-3504 ) |
| INTERNATIONAL HOUSE OF PANCAKES, LLC, | ) Judge John W. Darrah ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Azhar Chaudhry; ARS Restaurant, Inc.; and Lucky Star #5409, Inc. (collectively "Chaudhry") filed suit against Defendant International House of Pancakes, LLC ("IHOP"), on April 21, 2015, alleging two counts of breach of contract, discriminatory conduct in violation of 42 U.S.C. § 1981, and violations of the Illinois Franchise Disclosure Act of 1987. Defendant filed a Counterclaim against Plaintiffs, alleging breach of contract, and trademark infringement and unfair competition pursuant to 15 U.S.C. § 1114 and § 1125(a) of the Lanham Act. Defendant now moves for a judgment on the pleadings on Plaintiffs' First Amended Complaint and dismissal due to improper venue pursuant to Federal Rules of Civil Procedure 12(c) and 12(b)(3). Plaintiffs oppose Defendant's Motion. For the reasons provided below, Defendant's Motion for Judgment on the Pleadings [36] is granted.

### **BACKGROUND**

The following facts are taken from the Complaint, Answer and Counter-Complaint and attached exhibits. The facts of this case are more fully set forth in a previous Order issued in this matter. (Dkt. 53.)

Plaintiff Azhar H. Chaudhry is the sole shareholder and creator of ARS Restaurant, Inc. ("ARS") and Lucky Star #5409 ("Lucky Star"), which are Illinois corporations. ARS's principal place of business is in Arlington Heights, Illinois, where it operated a franchised IHOP restaurant ("Arlington Restaurant"). Lucky Star's principal place of business is in Bridgeview, Illinois, where it operates a franchised IHOP restaurant. Lucky Star previously operated another franchised IHOP restaurant in St. Charles, Illinois. Defendant IHOP is a Delaware limited-liability company with its principal place of business in Glendale, California. IHOP is a franchisor of nationally recognized restaurants, serving pancakes and breakfast, lunch, and dinner items.

On August 31, 2004, Chaudhry entered into a franchise agreement with IHOP. The agreement granted Chaudhry the right to operate the Arlington Restaurant and use IHOP's trademarks and system. Pursuant to an Assignment of International House of Pancakes Restaurant to a Corporation, dated December 27, 2004, Chaudhry assigned his rights under the franchise agreement and related documents to ARS. In consideration for IHOP's consent to the assignment, Chaudhry entered into a Guarantee of Obligations whereby he guaranteed ARS's performance under the franchise agreement. On June 6, 2006, IHOP's predecessor in interest, International House of Pancakes, Inc., entered into a franchise agreement with Lucky Star. Both franchise agreements contain identical arbitration provisions.

**LEGAL STANDARD**

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A 12(c) motion requires considering the pleadings alone, which include the complaint, answer, and written instruments attached as exhibits. *Hous. Auth. Risk Retention Group, Inc. v. Chicago Hous. Auth.*, 378 F.3d

2

596, 600 (7th Cir. 2004) (citing *Northern Ind. Gun & Outdoor Shows*, *Inc*. v. *City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). Judgment on the pleadings is only appropriate when "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomas v. Guardsmark*, *Inc*., 381 F.3d 701, 704 (7th Cir. 2004). Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions to dismiss. *Piscotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

The Seventh Circuit has held that "a Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district." *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir.2011); *Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc*., No. 14-3668, 2015 WL 5117081, at *5 (7th Cir. Sept. 1, 2015). Dismissal of an action is appropriate when it is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of establishing that venue is proper. *Int'l Travelers Cheque Co. v. BankAmerica Corp*., 660 F.2d 215, 222 (7th Cir. 1981) (citing *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969)). The Court assumes the truth of the plaintiff's allegations unless they are contradicted by the defendant's affidavits. *AGA Shareholders, LLC v. CSK Auto, Inc.*, 467 F.Supp.2d 834, 842 (N.D.Ill.2006). Factual conflicts are resolved in favor of the plaintiff, and the court may draw reasonable inferences from those facts. *Moore v. AT&T Latin America Corp.,* 177 F.Supp.2d 785, 788 (N.D. Ill. 2001) (citing *First Health Group Corp. v. Sanderson Farms, Inc*., No. 99 C 2926, 2000 WL 149474 at *2 (N.D. Ill. Jan. 31, 2000)).

## ANALYSIS

IHOP argues that venue is not appropriate in this District because of the arbitration provisions in the Arlington Restaurant's franchise agreement. IHOP also contends that all disputes as to whether Chaudhry's claims must be arbitrated must also be resolved by an arbitrator. Chaudhry argues that the arbitration clauses are unconscionable and that his claims under 42 U.S.C. § 1981, and the Illinois Franchise Disclosure Act are not subject to arbitration and should not be dismissed.

As a threshold matter, Chaudhry argues that the arbitration provisions are unconscionable and as such, unenforceable. IHOP contends that the issue of unconscionability is an issue that must be submitted to an arbitrator. Section 13.01 of the franchise agreement for the Arlington Restaurant states in relevant part:

> (a) Subject to Section 13.01(b), any controversy or claim . . . arising out of or relating to this Agreement . . . including any claim that this Agreement or any portion thereof is invalid, illegal or otherwise voidable, shall be submitted to arbitration before and in accordance with the commercial rules of the American Arbitration Association provided that the jurisdiction of the arbitrators shall be limited to a decision rendered pursuant to California common and statutory law and judgment upon the award may be entered in any court having jurisdiction thereof . . . (b) The decision of whether any issue, claim, controversy or dispute is arbitrable shall be made by the arbitrator, who shall have jurisdiction to make such determination.

(Dkt. No. 7-1.) Provisions delegating determination of arbitrability to arbitrators must be enforced unless the party seeking to avoid arbitration specifically challenges the delegation provision as unconscionable or otherwise unenforceable. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72, 130 S. Ct. 2772, 2779, 177 L. Ed. 2d 403 (2010); *Johnson v. W. & S. Life Ins. Co.*, 598 F. App'x 454, 456 (7th Cir. 2015); *Grasty v. Colorado Technical Univ.*, 599 F. App'x 596, 598 (7th Cir. 2015). While Chaudhry's arguments that the arbitration clause is procedurally and

substantively unconscionable focus on several parts of the arbitration provisions, he does not specifically argue that the delegation provision is unconscionable. Chaudhry relies upon *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 446 (2006) and *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1263-64 (9th Cir. 2006), to argue that severability cannot cure a provision that is "permeated by substantive unconscionability." However, the arbitration clauses at issue in *Buckeye* and *Nagrampa* did not contain express provisions delegating the issue of arbitrability to the arbitrator and are not persuasive here. The franchise agreement's arbitration provision specifically delegates the decision of whether any issue, claim, controversy or dispute is arbitrable to the arbitrator. Therefore, the question of unconscionability must be submitted to an arbitrator for determination and IHOP's Motion for Judgment on the Pleadings is granted.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings [36] is granted and this case is dismissed without prejudice due to improper venue.

Date: September 24, 2015

_____
JOHN W. DARRAH
United States District Court Judge