UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AZHAR CHAUDHRY; ARS RESTAURANT, INC.; and LUCKY STAR #5409, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL HOUSE OF PANCAKES, LLC, <br><br> Defendant. | Case No. 15-cv-3504 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Azhar Chaudhry; ARS Restaurant, Inc.; and Lucky Star #5409, Inc. (collectively, "Chaudhry") filed suit against Defendant International House of Pancakes, LLC ("IHOP"), on April 21, 2015, alleging two counts of breach of contract, discriminatory conduct in violation of 42 U.S.C. § 1981, and violations of the Illinois Franchise Disclosure Act of 1987. Defendant filed a counterclaim against Plaintiffs, alleging breach of contract, and trademark infringement and unfair competition pursuant to 15 U.S.C. § 1114 and § 1125(a) of the Lanham Act. Defendant filed a Motion for Preliminary Injunction seeking to enjoin Plaintiffs from continuing to use Defendant's trademarks and system. On August 26, 2015, Defendant's Motion for Preliminary Injunction was granted. Plaintiffs move to stay enforcement of the preliminary injunction pending interlocutory review. For the reasons provided below, Plaintiffs' Motion to Stay [64] is denied.

### BACKGROUND

The following facts are taken from the Complaint, Answer and Counter-Complaint, the submitted exhibits, and other documents on the record.

On August 31, 2004, Chaudhry entered into a franchise agreement with IHOP ("Franchise Agreement"). The agreement granted Chaudhry the right to operate a franchised IHOP restaurant in Arlington Heights, Illinois ("Arlington Restaurant") and use IHOP's trademarks and system. On February 20, 2015, after finding that Chaudhry failed four consecutive Operational Evaluations ("OE"), IHOP sent Chaudhry a notice of default. (Dkt. # 14 Exh. A, A-2.) After Chaudhry failed two more OEs, IHOP issued a Notice of Termination that terminated the franchise agreement for the Arlington Restaurant on April 17, 2015. (Dkt. # 6, 14.) Both parties filed motions for preliminary injunction. Chaudhry's Motion was denied, and IHOP's Motion was granted. Chaudhry then filed this Motion to Stay Enforcement of the Preliminary Injunction.

## LEGAL STANDARD

Whether a stay of preliminary injunction should be granted pending appeal is within the sound discretion of the court. Fed. R. Civ. P. 62(c). A party seeking a stay pending appeal must show that: 1) it has a significant probability of success on the merits of the appeal; 2) it will face irreparable harm absent a stay; and 3) a stay will not injure the opposing party and will be in the public interest. *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006).

## ANALYSIS

As a preliminary matter, Chaudhry argues that termination of the Franchise Agreement violated Section 19 of the Illinois Franchise Disclosure Act ("IFDA"), 815 ILCS 705/19, and that IHOP failed to show likelihood of success on the merits of this claim. As the party seeking the preliminary injunction, IHOP has the burden of demonstrating that it has a reasonable likelihood of success on the merits of its underlying claim, and not Chaudhry's claim. Thus, Chaudhry's

arguments regarding alleged violations of the IFDA will not be considered here.
*See AM Gen. Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 803 (7th Cir. 2002).

*Significant Probability of Success on the Merits*

Chaudhry alleges that there are questions of fact as to the integrity of the restaurant inspections and thus to the legality of IHOP's termination of the Franchise Agreement. Chaudhry also argues that IHOP allegedly failed to establish a likelihood of success on the merits in seeking its preliminary injunction, reiterating that their main argument against Defendant's Motion was that the "scores or grades awarded to [Chaudhry] were arbitrary, capricious and unfair, and not accurately reflective of the condition of the restaurant at the time of the evaluations." (Dkt. 64.) However, as noted in the previous Order, IHOP provided sufficient evidence that Chaudhry's failed OE grades justified termination.

The evidence submitted by Chaudhry is not sufficient to demonstrate a significant probability of success on the merits of their appeal. Specifically, the Gordon declaration cited by Chaudhry in their Motion for Stay is not relevant to the failing OE scores that led to the termination of Chaudhry's Franchise Agreement. Gordon was not present at any of the OE inspections and did not review all of the relevant OE reports. A comparison of the Arlington Restaurant to the condition of another IHOP restaurant is not relevant to the accuracy of the Arlington Restaurant's OE scores. Chaudhry also submitted several declarations in support of their Response to Defendant's Motion for Preliminary Injunction and in support of their Motion to Stay. None of the declarants, except for one, was present for any of the relevant OEs[1] and

---

[1] The Hacm declaration asserts that Hacm was present during a portion of one of the Arlington Restaurant OEs. Hacm only takes issue with one finding, a finding that would not have prevented an overall failing grade.

provided no information challenging the accuracy of those scores. In many cases, these declarants compared the condition of the Arlington Restaurant to other IHOP restaurants, comparisons that are not relevant to the accuracy of the Arlington Restaurant's OE scores. Further, Chaudhry provides no evidence to support the allegations in the declarations submitted in support of their Motion to Stay[2].

Further, whether the franchise agreement was legally terminated is not a defense to trademark infringement, and allegations of bad faith are not relevant to a motion for preliminary injunction to enforce a contract termination based on material breach of the franchise agreement. *See 7-Eleven, Inc. v. Spear*, No. 10-CV-6697, 2011 WL 830069, at *4 (N.D. Ill. Mar. 3, 2011); *Dunkin' Donuts Inc. v. Liu*, 79 Fed. Appx. 543, 547 (3d Cir.2003). As stated in the previous Order, "legal termination of a franchise agreement is not a condition precedent to an action for infringement." *Jake Flowers, Inc. v. Kaiser*, No. 01 C 4247, 2002 WL 31906688, at *5 (N.D. Ill. Dec. 31, 2002). All evidence provided by Plaintiff as to whether the franchise was lawfully terminated is not relevant to Defendant's Motion for Preliminary Injunction. Thus, Chaudhry has failed to demonstrate that they have a significant probability of success on the merits of their appeal.

*Irreparable Harm Absent Stay*

Chaudhry provides no argument to support their contention that they will be irreparably harmed absent a stay of the preliminary injunction, relying on their citation to *In re A&F*

---

[2] Chaudhry submitted two declarations to support their contention that IHOP wrongfully terminated the Franchise Agreement. Even if these declarations were relevant to Defendant's likelihood of success of the merits on its claims in the Motion for Preliminary Injunction analysis, the declarations merely assert that several IHOP locations were allegedly receiving lower scores on their OEs and that IHOP was "pleased" to see these scores.

*Enterprises, Inc. II*, 742 F.3d 763, 769 (7th Cir. 2014), a case that the previous Order concluded is inapposite and unpersuasive. Chaudhry has not demonstrated that they will suffer irreparable harm absent stay.

*Stay Will Not Injure Opposing Party and is in the Public Interest*

Chaudhry argues that a stay of the preliminary injunction would not injure IHOP because the Arlington Restaurant is successful and that allowing Chaudhry to remain in business would only benefit IHOP. As stated in the previous Order, this argument is unpersuasive and does not outweigh the established potential harm to IHOP due to customer confusion and potential injury to its goodwill and reputation resulting from Chaudhry's continued use of IHOP's trademarks.

Finally, Chaudhry argues that the public interest would be served by allowing him to continue operating his business, and that there is a strong public interest in protecting Illinois residents from abuse by unscrupulous franchisors. Again, Chaudhry's argument that the public would benefit from his continued operation of the Arlington Restaurant as an IHOP franchise is unpersuasive. While there is certainly a public interest in protecting Illinois franchisees from abuse by unscrupulous franchisors, there is no evidence that this occurred here. As Chaudhry has failed to demonstrate that a stay of the preliminary injunction would not injure IHOP and is in the public interest, their Motion to Stay is denied.

*Evidentiary Hearing*

An evidentiary hearing is required if the nonmoving party raises genuine issues of material fact in response to a motion for a preliminary injunction. The party seeking the evidentiary hearing must demonstrate that it has evidence that if believed will so weaken the moving party's case as to affect the judge's decision on whether to issue the injunction. *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 814 (7th Cir. 2002), *as amended*

(Oct. 18, 2002). As stated above, all evidence submitted by Chaudhry as to the legality of the franchise termination was not relevant to Defendant's Motion for Preliminary Injunction, does not challenge Defendant's likelihood of success of its claims, and fails to support a significant likelihood of success on the merits of Chaudhry's appeal. As Chaudhry failed to establish that there was a genuine factual dispute relevant to Defendant's Motion for Preliminary Injunction, an evidentiary hearing will not be granted.

*Request for Clarification and Bond*

Chaudhry requests a clarification of the previous Order granting IHOP's Motion for Preliminary Injunction. Specifically, that the Court did not enter an actual order of preliminary injunction and did not set the amount of the bond that IHOP would be required to post under Federal Rule of Civil Procedure 65(c). The previous Order is sufficient to meet the requirements of Federal Rule of Civil Procedure 65(d), and Chaudhry's affidavit of compliance of the preliminary injunction indicates that it was sufficiently specific. However, as IHOP does not object to Chaudhry's request that a bond be posted, IHOP is directed to submit a proposed preliminary injunction order including posting bond in accordance with Rule 65(c).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Stay [67] is denied.

Date: November 18, 2015

JOHN W. DARRAH
United States District Court Judge