UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AZHAR CHAUDHRY; ARS RESTAURANT, INC.; and LUCKY STAR #5409, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 15-cv-3504 ) |
| INTERNATIONAL HOUSE OF PANCAKES, LLC, | ) Judge John W. Darrah ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Azhar Chaudhry; ARS Restaurant, Inc.; and Lucky Star #5409, Inc. (collectively, "Chaudhry") filed suit against Defendant International House of Pancakes, LLC ("IHOP") on April 21, 2015, alleging two counts of breach of contract, discriminatory conduct in violation of 42 U.S.C. § 1981, and violations of the Illinois Franchise Disclosure Act of 1987. Defendant filed a Counterclaim against Plaintiffs, alleging breach of contract, and trademark infringement and unfair competition pursuant to 15 U.S.C. § 1114 and § 1125(a) of the Lanham Act. On September 24, 2015, Defendant's motion for a judgment on the pleadings on Plaintiffs' First Amended Complaint was granted. Plaintiffs now move for reconsideration or, in the alternative, for leave to file an interlocutory appeal. For the reasons provided below, Plaintiffs' Motion [80] is denied.

### BACKGROUND

On June 17, 2015, Defendant filed a Motion for Judgment on the Pleadings on Plaintiffs' First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(c) and 12(b)(3). Defendant argued that venue was not appropriate in this District because of the arbitration

provisions in the franchise agreement at issue. Plaintiffs argued that the arbitration provisions were unconscionable and that their claims under 42 U.S.C. § 1981 and the Illinois Franchise Disclosure Act are not subject to arbitration and should not be dismissed. The Order granting Defendant's Motion (Dkt. 82) found that the question of unconscionability must be submitted to an arbitrator for determination. Plaintiffs then filed this Motion for Reconsideration.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 60, a court may relieve a party from a final judgment or order based on, among other reasons, "mistake, inadvertence, surprise, or excusable neglect". Fed.R.Civ.P. 60(b)(1); *Musch v. Domtar Indus., Inc.,* 587 F.3d 857, 861 (7th Cir. 2009). "The movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

## ANALYSIS

*Motion for Reconsideration*

Plaintiffs argue that this Court "fundamentally misunderstood the law" and that this misconception resulted in the "extraordinary circumstances" required for reconsideration. Plaintiffs further argue that the "most evident oversight" of the Order was that their alternative arguments regarding their claims under 42 U.S.C. § 1981, and the Illinois Franchise Disclosure Act were not addressed.

Plaintiffs' arguments are unconvincing. First, Rule 60(b) is not intended to correct "erroneous applications of law" but to assess factors that could render the previous judgment vulnerable to attack, "i.e., mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud." *Remy v. Delco Remy Div. of Gen. Motors, Corp.,* 51 F.3d 746, 749 (7th Cir.

1995); *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000). Plaintiffs fail to show that one of these Rule 60 categories is applicable here.

Second, as stated in the previous Order, the law is very clear that provisions delegating determination of arbitrability to arbitrators must be enforced unless the party seeking to avoid arbitration specifically challenges the delegation provision as unconscionable or otherwise unenforceable. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010); *Johnson v. W. & S. Life Ins. Co.*, 598 F. App'x 454, 456 (7th Cir. 2015); *Grasty v. Colorado Technical Univ.*, 599 F. App'x 596, 598 (7th Cir. 2015). Plaintiffs did not specifically argue that the delegation provision is unconscionable. Further, the franchise agreement's arbitration provision specifically and unmistakably delegates the decision of whether any issue, claim, controversy or dispute is arbitrable to the arbitrator, stating: "The decision of whether any issue, claim, controversy or dispute is arbitrable shall be made by the arbitrator, who shall have jurisdiction to make such determination." (Dkt. 6.)

Plaintiffs further argue that because the jurisdiction of the arbitrators is limited to a decision rendered pursuant to California common and statutory law, any attempt by an arbitrator to rule on either of these claims would exceed his or her jurisdiction. To make an argument based on this assumption is premature. As stated in the previous order, the arbitrator has jurisdiction to determine the question of unconscionability. It is the arbitrator who has jurisdiction to make a determination as to whether Plaintiffs' claims are arbitrable, and this includes Plaintiffs' claims under 42 U.S.C. § 1981 and the Illinois Franchise Disclosure Act.

*Request for Leave to File Interlocutory Appeal*

"There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." 28 U.S.C. § 1292(b); *Arenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). Plaintiffs argue that interlocutory appeal is appropriate in this case because there is "substantial ground for a difference of opinion in interpreting the relevant Supreme Court precedent," and then state that "Supreme Court precedent is clear on this point." (Dkt. 80.) Plaintiffs cannot have it both ways. Plaintiffs fail to show that there is a "difficult central question of law that is not settled by controlling authority and that there is a substantial likelihood" that the previous Order will be reversed. *City of Joliet v. Mid-City Nat. Bank*, No. 05 C 6746, 2008 WL 4889038, at *2 (N.D. Ill. June 13, 2008). None of the requirements of section 1292(b) is satisfied in this case, and all of these requirements must be satisfied to certify an order for interlocutory appeal. *See id.*

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Reconsideration or in the Alternative for Leave to File Interlocutory Appeal [80] is denied.

Date: January 13, 2016

JOHN W. DARRAH
United States District Court Judge

4